# 2181CV01466 Carla A. Domenici Individually and Personal Rep of the Estate of Joseph A. DePrimeo-Domenici vs. Murphy, Brian W. et al



- Case Type:
- Torts

- Case Status:
- Open

- File Date
- 07/02/2021

- DCM Track:
- F - Fast Track

- Initiating Action:
- Other Tortious Action

- Status Date:
- 07/02/2021

- Case Judge:
-
- Next Event:
-

| All Information | Party | Tickler | Docket | Disposition |
| --- | --- | --- | --- | --- |

## Party Information

**Domenici, Carla A.**
- Plaintiff

| Alias | Party Attorney |
| --- | --- |
| | - Attorney |
| | - Katzenstein, Esq., Jeffrey Hunt |
| | - Bar Code |
| | - 674749 |
| | - Address |
| | - Drohan Tocchio and Morgan, P.C. |
| |   175 Derby St |
| |   Suite 30 |
| |   Hingham, MA  02043 |
| | - Phone Number |
| | - (781)749-7200 |
| | - Attorney |
| | - Morgan, Esq., Jason William |
| | - Bar Code |
| | - 633802 |
| | - Address |
| | - Drohan Tocchio and Morgan, P.C. |
| |   175 Derby St |
| |   Suite 30 |
| |   Hingham, MA  02043 |
| | - Phone Number |
| | - (781)749-7200 |

More Party Information

**Murphy, Brian W.**
- Defendant

| Alias | Party Attorney |
| --- | --- |

More Party Information

**Choice Hotels International, Inc.**
- Defendant

| Alias | Party Attorney |
|---|---|
| | |

**More Party Information**

## Ticklers

| Tickler | Start Date | Due Date | Days Due | Completed Date |
|---|---|---|---|---|
| Service | 07/02/2021 | 09/30/2021 | 90 | |
| Answer | 07/02/2021 | 11/01/2021 | 122 | |
| Rule 12/19/20 Served By | 07/02/2021 | 11/01/2021 | 122 | |
| Rule 12/19/20 Filed By | 07/02/2021 | 11/29/2021 | 150 | |
| Rule 12/19/20 Heard By | 07/02/2021 | 12/29/2021 | 180 | |
| Rule 15 Served By | 07/02/2021 | 11/01/2021 | 122 | |
| Rule 15 Filed By | 07/02/2021 | 11/29/2021 | 150 | |
| Rule 15 Heard By | 07/02/2021 | 12/29/2021 | 180 | |
| Discovery | 07/02/2021 | 04/28/2022 | 300 | |
| Rule 56 Served By | 07/02/2021 | 05/30/2022 | 332 | |
| Rule 56 Filed By | 07/02/2021 | 06/27/2022 | 360 | |
| Final Pre-Trial Conference | 07/02/2021 | 10/25/2022 | 480 | |
| Judgment | 07/02/2021 | 07/03/2023 | 731 | |

## Docket Information

| Docket Date | Docket Text | File Ref Nbr. | Image Avail. |
|---|---|---|---|
| 07/02/2021 | Attorney appearance<br>On this date Jason William Morgan, Esq. added for Plaintiff Carla A. Domenici | | |
| 07/02/2021 | Attorney appearance<br>On this date Jeffrey Hunt Katzenstein, Esq. added for Plaintiff Carla A. Domenici | | |
| 07/02/2021 | Case assigned to:<br>DCM Track F - Fast Track was added on 07/02/2021 | | Image |
| 07/02/2021 | Original civil complaint filed. | 1 | Image |
| 07/02/2021 | Civil action cover sheet filed. | 2 | Image |
| 07/02/2021 | Demand for jury trial entered. | | |
| 07/02/2021 | Carla A. Domenici Individually and Personal Rep of the Estate of Joseph A. DePrimeo-Domenici's MOTION for appointment of Special Process Server.<br>to appoint Middlesex Constable Service as Process Server. ALLOWED. (Wilkins,J.) Copy given in hand. | 3 | Image |
| 07/09/2021 | Service Returned for<br>Defendant Murphy, Brian W.: Service made at last and usual;<br><br>07/02/2021, 13 Caulfield Road, Woburn, MA 01801 | 4 | Image |
| 07/26/2021 | Service Returned for<br>Defendant Choice Hotels International, Inc.: Service through person in charge / agent;<br><br>07/12/2021, in hand to Etoila Leahy, 1 Choice Hotels Circle Suite 400, Rockville, MD 20850 | 5 | Image |

## Case Disposition

| Disposition | Date | Case Judge |
|---|---|---|
| Pending | | |

*11/14/19*
*MA147*
*Served by*
*Sherriff 7/12/21*

## Commonwealth of Massachusetts

MIDDLESEX,SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 2181 CV 01466

_Carla A. Domenici_ , PLAINTIFF(S),

V.

_Bryan W. Murphy, et al_ DEFENDANT(S)



### SUMMONS

THIS SUMMONS IS DIRECTED TO _Choice Hotels International, Inc._ (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the _Middlesex Superior_ Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days**. If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

   a. Filing your **signed original** response with the Clerk's Office for Civil Business, _Middlesex_ Court, _200 Trade Center, Woburn_ (address), by mail or in person, **AND** _Superior_

   b. Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address: _Drohan Tocchio & Morgan, P.C., 175 Derby Street, Ste. 30, Hingham, MA 02043_

3. **What to include in your response.** An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts The Superior Court |
|---|---|---|

| PLAINTIFF(S): | CARLA A. DOMENICI, Individually and as Personal Representative | COUNTY | Middlesex |
|---|---|---|---|
| | of the Estate of JOSEPH A. DEPRIMEO-DOMENICI | | |
| ADDRESS: | 13 Richard Circle | DEFENDANT(S): | (a) BRYAN W. MURPHY |
| | Woburn, MA 01801 | | (b) CHOICE HOTELS INTERNATIONAL, INC. |
| ATTORNEY: | Jason W. Morgan | | |
| ADDRESS: | Drohan Tocchio & Morgan, P.C. | ADDRESS: | (a) 13 Caulfield Road, Woburn, MA 01801 |
| | 175 Derby Street, Suite 30 | | (b) 1 Choice Hotels Circle, Suite 400, Rockville, MD 20850 |
| | Hingham, MA 02043 | | |
| BBO: | 633802 | | |

## TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B99 | Other Tortious Action | F | [X] YES   [ ] NO |

*If "Other" please describe: Sexual Assault Against Minor

Is there a claim under G.L. c. 93A?
[ ] YES  [X] NO

Is this a class action under Mass. R. Civ. P. 23?
[ ] YES  [X] NO

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(attach additional sheets as necessary)

A. Documented medical expenses to date:
    1. Total hospital expenses ................................................................................................. $ _____
    2. Total doctor expenses .................................................................................................. $ _____
    3. Total chiropractic expenses ......................................................................................... $ _____
    4. Total physical therapy expenses ................................................................................. $ _____
    5. Total other expenses (describe below) ........................................................................ $ _____
                                          Subtotal (A): $ _____

B. Documented lost wages and compensation to date ................................................................. $ _____
C. Documented property damages to date ................................................................................... $ _____
D. Reasonably anticipated future medical and hospital expenses .............................................. $ _____
E. Reasonably anticipated lost wages ......................................................................................... $ _____
F. Other documented items of damages (describe below) ........................................................... $ _____

G. Briefly describe plaintiff's injury, including the nature and extent of injury:
Emotional distress and other pain and suffering caused by the sexual assault on a minor.

                                        TOTAL (A-F):$ 1,000,000

### CONTRACT CLAIMS
(attach additional sheets as necessary)

[ ] This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).
Provide a detailed description of claim(s):

                                        TOTAL: $ _____

Signature of Attorney/ Unrepresented Plaintiff: X

Date: 07/02/2021

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X

Date: 07/02/2021

# CIVIL ACTION COVER SHEET INSTRUCTIONS
## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

### AC Actions Involving the State/Municipality *

| | |
|---|---|
| AA1 Contract Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AB1 Tortious Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AC1 Real Property Action involving Commonwealth, Municipality, MBTA etc. | (A) |
| AD1 Equity Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AE1 Administrative Action involving Commonwealth, Municipality, MBTA,etc. | (A) |

### CN Contract/Business Cases

| | |
|---|---|
| A01 Services, Labor, and Materials | (F) |
| A02 Goods Sold and Delivered | (F) |
| A03 Commercial Paper | (F) |
| A04 Employment Contract | (F) |
| A05 Consumer Revolving Credit - M.R.C.P. 8.1 | (F) |
| A06 Insurance Contract | (F) |
| A08 Sale or Lease of Real Estate | (F) |
| A12 Construction Dispute | (A) |
| A14 Interpleader | (F) |
| BA1 Governance, Conduct, Internal Affairs of Entities | (A) |
| BA3 Liability of Shareholders, Directors, Officers, Partners, etc. | (A) |
| BB1 Shareholder Derivative | (A) |
| BB2 Securities Transactions | (A) |
| BC1 Mergers, Consolidations, Sales of Assets, Issuance of Debt, Equity, etc. | (A) |
| BD1 Intellectual Property | (A) |
| BD2 Proprietary Information or Trade Secrets | (A) |
| BG1 Financial Institutions/Funds | (A) |
| BH1 Violation of Antitrust or Trade Regulation Laws | (A) |
| A99 Other Contract/Business Action - Specify | (F) |

\* Choose this case type if ANY party is the Commonwealth, a municipality, the MBTA, or any other governmental entity UNLESS your case is a case type listed under Administrative Civil Actions (AA).

† Choose this case type if ANY party is an incarcerated party, UNLESS your case is a case type listed under Administrative Civil Actions (AA) or is a Prisoner Habeas Corpus case (E97).

### ER Equitable Remedies

| | |
|---|---|
| D01 Specific Performance of a Contract | (A) |
| D02 Reach and Apply | (F) |
| D03 Injunction | (F) |
| D04 Reform/ Cancel Instrument | (F) |
| D05 Equitable Replevin | (F) |
| D06 Contribution or Indemnification | (F) |
| D07 Imposition of a Trust | (A) |
| D08 Minority Shareholder's Suit | (A) |
| D09 Interference in Contractual Relationship | (F) |
| D10 Accounting | (A) |
| D11 Enforcement of Restrictive Covenant | (F) |
| D12 Dissolution of a Partnership | (F) |
| D13 Declaratory Judgment, G.L. c. 231A | (A) |
| D14 Dissolution of a Corporation | (F) |
| D99 Other Equity Action | (F) |

### PA Civil Actions Involving Incarcerated Party †

| | |
|---|---|
| PA1 Contract Action involving an Incarcerated Party | (A) |
| PB1 Tortious Action involving an Incarcerated Party | (A) |
| PC1 Real Property Action involving an Incarcerated Party | (F) |
| PD1 Equity Action involving an Incarcerated Party | (F) |
| PE1 Administrative Action involving an Incarcerated Party | (F) |

### TR Torts

| | |
|---|---|
| B03 Motor Vehicle Negligence - Personal Injury/Property Damage | (F) |
| B04 Other Negligence - Personal Injury/Property Damage | (F) |
| B05 Products Liability | (A) |
| B06 Malpractice - Medical | (A) |
| B07 Malpractice - Other | (A) |
| B08 Wrongful Death - Non-medical | (A) |
| B15 Defamation | (A) |
| B19 Asbestos | (A) |
| B20 Personal Injury - Slip & Fall | (F) |
| B21 Environmental | (F) |
| B22 Employment Discrimination | (A) |
| BE1 Fraud, Business Torts, etc. | (A) |
| B99 Other Tortious Action | (F) |

### RP Summary Process (Real Property)

| | |
|---|---|
| S01 Summary Process - Residential | (X) |
| S02 Summary Process - Commercial/ Non-residential | (F) |

### RP Real Property

| | |
|---|---|
| C01 Land Taking | (F) |
| C02 Zoning Appeal, G.L. c. 40A | (F) |
| C03 Dispute Concerning Title | (F) |
| C04 Foreclosure of a Mortgage | (X) |
| C05 Condominium Lien & Charges | (X) |
| C99 Other Real Property Action | (F) |

### MC Miscellaneous Civil Actions

| | |
|---|---|
| E18 Foreign Discovery Proceeding | (X) |
| E97 Prisoner Habeas Corpus | (X) |
| E22 Lottery Assignment, G.L. c. 10, § 28 | (X) |

### AB Abuse/Harassment Prevention

| | |
|---|---|
| E15 Abuse Prevention Petition, G.L. c. 209A | (X) |
| E21 Protection from Harassment, G.L. c. 258E | (X) |

### AA Administrative Civil Actions

| | |
|---|---|
| E02 Appeal from Administrative Agency, G.L. c. 30A | (X) |
| E03 Certiorari Action, G.L. c. 249, § 4 | (X) |
| E05 Confirmation of Arbitration Awards | (X) |
| E06 Mass Antitrust Act, G.L. c. 93, § 9 | (A) |
| E07 Mass Antitrust Act, G.L. c. 93, § 8 | (X) |
| E08 Appointment of a Receiver | (X) |
| E09 Construction Surety Bond, G.L. c. 149, §§ 29, 29A | (A) |
| E10 Summary Process Appeal | (X) |
| E11 Worker's Compensation | (X) |
| E16 Auto Surcharge Appeal | (X) |
| E17 Civil Rights Act, G.L. c.12, § 11H | (A) |
| E24 Appeal from District Court Commitment, G.L. c.123, § 9(b) | (X) |
| E25 Pleural Registry (Asbestos cases) | |
| E94 Forfeiture, G.L. c. 265, § 56 | (X) |
| E95 Forfeiture, G.L. c. 94C, § 47 | (F) |
| E99 Other Administrative Action | (X) |
| Z01 Medical Malpractice - Tribunal only, G.L. c. 231, § 60B | (F) |
| Z02 Appeal Bond Denial | (X) |

### SO Sex Offender Review

| | |
|---|---|
| E12 SDP Commitment, G.L. c. 123A, § 12 | (X) |
| E14 SDP Petition, G.L. c. 123A, § 9(b) | (X) |

### RC Restricted Civil Actions

| | |
|---|---|
| E19 Sex Offender Registry, G.L. c. 6, § 178M | (X) |
| E27 Minor Seeking Consent, G.L. c.112, § 12S | (X) |

**TRANSFER YOUR SELECTION TO THE FACE SHEET**

**EXAMPLE:**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | F | ☒ YES ☐ NO |

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF -** The plaintiff shall set forth, on the face of the civil action cover sheet (or attach additional sheets as necessary), a statement specifying the facts on which the plaintiff relies to determine money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served with the complaint. A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or self-represented litigant.

**DUTY OF THE DEFENDANT -** If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with his/her answer a statement specifying the potential damages which may result if the plaintiff prevails.

## A CIVIL COVER SHEET MUST BE FILED WITH EACH COMPLAINT.
## FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY
## MAY RESULT IN DISMISSAL OF THIS ACTION.

| CIVIL TRACKING ORDER<br>(STANDING ORDER 1- 88) | DOCKET NUMBER<br>2181CV01466 | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|

| CASE NAME:<br>Carla A. Domenici Individually and Personal Rep of the Estate of Joseph A. DePrimeo-Domenici vs. Murphy, Brian W. et al | Michael A. Sullivan, Clerk of Court<br>Middlesex County |
|---|---|

| TO: Jason William Morgan, Esq.<br>Drohan Tocchio and Morgan, P.C.<br>175 Derby St<br>Suite 30<br>Hingham, MA 02043 | COURT NAME & ADDRESS<br>Middlesex County Superior Court - Woburn<br>200 Trade Center<br>Woburn, MA 01801 |
|---|---|

## TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

### STAGES OF LITIGATION                                    DEADLINE

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 09/30/2021 | |
| Response to the complaint filed (also see MRCP 12) | | 11/01/2021 | |
| All motions under MRCP 12, 19, and 20 | 11/01/2021 | 11/29/2021 | 12/29/2021 |
| All motions under MRCP 15 | 11/01/2021 | 11/29/2021 | 12/29/2021 |
| All discovery requests **and depositions** served and non-expert depositions completed | 04/28/2022 | | |
| All motions under MRCP 56 | 05/30/2022 | 06/27/2022 | |
| Final pre-trial conference held and/or firm trial date set | | | 10/25/2022 |
| Case shall be resolved and judgment shall issue by | | | 07/03/2023 |

The final pre-trial deadline is <u>not the scheduled date of the conference</u>. You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to

| DATE ISSUED<br>07/02/2021 | ASSISTANT CLERK<br>Debra J Newman | PHONE<br>(781)939-2748 |
|---|---|---|

Date/Time Printed: 07-02-2021 12:45:08

SCV026\ 08/2018

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss

SUPERIOR COURT DEPARTMENT OF
THE TRIAL COURT
CIVIL ACTION NO.: 2181 CV 01466

---

CARLA A. DOMENICI, Individually and as
Personal Representative of the Estate of
JOSEPH A. DEPRIMEO-DOMENICI,

Plaintiff,

v.

BRYAN W. MURPHY and CHOICE
HOTELS INTERNATIONAL, INC.,

Defendants.

---

## COMPLAINT

Plaintiff Carla A. Domenici ("Plaintiff"), individually and as the Personal Representative

of the Estate of Joseph A. DePrimeo-Domenici ("Joey"), hereby brings this civil action against

Bryan W. Murphy ("Murphy") and Choice Hotels International, Inc. (collectively, the

"Defendants").

## PARTIES

1.     Joey is deceased.  He is the son of Plaintiff.

2.     Carla A. Domenici is an individual residing in Woburn, Massachusetts.

3.     Bryan W. Murphy is an individual residing in Woburn, Massachusetts.

4.     Choice Hotels International, Inc. is a foreign corporation incorporated in Maryland.

At all times relevant hereto, Choice Hotels International, Inc. owned the Quality Inn & Suites, a

hotel with a location at 440 Bedford Street, Lexington, Massachusetts (the "Quality Inn & Suites").

5.      Carla A. Domenici has been appointed as the Personal Representative of the Estate of Joseph A. DePrimeo-Domenici.

## FACTUAL ALLEGATIONS

6.      Joey began working for Murphy in or around 2012, when Joey was only fourteen (14) years old.

7.      The work Murphy tasked Joey with included assisting Murphy with functions for the Lions Club, landscaping Murphy's personal residence, organizing and working Murphy's annual Christmas parties, working on Murphy's boat, and joining Murphy on trips to other states, alone and with others who worked for Murphy.

8.      Murphy often paid Joey in cash, but also provided Joey with other forms of compensation, such as motor vehicles, clothing, video games, and other such items.

9.      During the relevant time period, Murphy consistently rented a hotel room at the Quality Inn & Suites.

10.      Starting when Joey was 14, Murphy began to sexually abuse Joey at the Quality Inn & Suites.  In addition, Murphy electronically exchanged sexually explicit photographs and messages with Joey.

11.      In exchange for the sexual acts, Murphy supplied Joey with drugs, including Percocet.

12.      On information and belief, at all relevant times, Murphy had a prescription for Percocet.

13.      Other boys who worked for Murphy have confirmed that Murphy offered Percocet to the boys who worked for him.

14.     On information and belief, Murphy offered Percocet to Joey, and used that to entice Joey to perform sexual acts.

15.     In or about 2014, Joey informed his family and friends that he was addicted to Percocet.

16.     Joey was in and out of treatment for his drug addiction, including at a program in Danvers, Massachusetts.

17.     Joey was admitted to a rehabilitation facility in California in 2018.  Murphy paid for Joey's flight home from rehab in 2018.

18.     In September 2019, Joey admitted himself to a rehabilitation facility in Florida. Unbeknownst to Plaintiff, Murphy arranged to fly Joey home from the rehabilitation facility in Florida in October 2019.

19.     Upon information and belief, Murphy flew Joey home from Florida, provided Joey with drugs, and put Joey up at Murphy's room at the Quality Inn & Suites.

20.     On November 4, 2019, the Massachusetts State Police contacted Plaintiff and informed her that Murphy found Joey dead in the room at the Quality Inn & Suites.

## COUNT I
### Assault and Battery
### (Murphy)

21.     Plaintiff restates and reavers each and every allegation contained above, as if fully stated herein.

22.     By his actions and conduct, as alleged herein, Murphy attempted to and actually did touch Joey in a harmful and offensive manner when Joey was a minor and placed Joey in immediate fear of being touched in such a manner.

23.     By his actions and conduct, as alleged herein, Murphy committed acts of sexual assault and battery against Joey when Joey was a minor.

24.     As a direct result thereof, Plaintiff has been damaged in an amount to be determined at trial.

**COUNT II**
**Violation of 18 U.S.C. § 1591**
**(The Hotel Defendant)**

25.     Plaintiff restates and reavers each and every allegation contained above, as if fully stated herein.

26.     The Quality Inn & Suites knew or should have known that sex trafficking occurs in the scope of its business but chose to ignore the open and obvious presence of sex trafficking on its property in Lexington, Massachusetts, instead enjoying in the profit of consistently rented rooms.

27.     The Quality Inn & Suites failed to protect Joey from repeated sexual abuse by Murphy which occurred at the Quality Inn & Suites property in Lexington, Massachusetts.

28.     By its actions and conduct, as alleged herein, the Quality Inn & Suites was grossly negligent in such a way that amounted to deliberate, reckless and/or callous indifference about the health, welfare and safety of Joey while Joey was sexually assaulted and trafficked at the Quality Inn & Suites property.

29.     The Quality Inn & Suites benefitted from facilitating a venture that it knew or should have known to be engaging in sexual assault and trafficking.

30.     By its actions and conduct, as alleged herein, the Quality Inn & Suites has violated 18 U.S.C. § 1591.

## COUNT III
### Intentional Infliction of Emotional Distress
### (Murphy)

31.     Plaintiff restates and reavers each and every allegation contained above, as if fully stated herein.

32.     By his actions and conduct, as alleged herein, Murphy committed acts of sexual assault and battery against Joey when Joey was a minor.

33.     Murphy knew or should have known that Joey would suffer emotional distress as a result of Murphy's sexual assaults against Joey.

34.     Murphy's conduct was extreme and outrageous, beyond all possible bounds of decency, and utterly intolerable in a civilized community.

35.     Murphy's actions and conduct, as alleged herein, caused Joey to suffer emotional distress.

36.     The emotional distress that Joey suffered was so severe that no reasonable person could be expected to endure it.

37.     As a direct result thereof, Plaintiff has been damaged in an amount to be determined at trial.

## COUNT IV
### Negligent Infliction of Emotional Distress
### (All Defendants)

38.     Plaintiff restates and reavers each and every allegation contained above, as if fully stated herein.

39.     By his actions and conduct, as alleged herein, Murphy committed acts of sexual assault and battery against Joey.

40.     The Quality Inn & Suites knew or should have known that sex trafficking occurs in the scope of its business but chose to ignore the open and obvious presence of sex trafficking on its property, instead enjoying in the profit of consistently rented rooms.

41.     The Quality Inn & Suites failed to protect Joey from repeated sexual abuse that occurred at its property in Lexington, Massachusetts.

42.     By its actions and conduct, as alleged herein, the Quality Inn & Suites was grossly negligent in such a way that amounted to deliberate, reckless and/or callous indifference about the health, welfare and safety of Joey while Joey was sexually assaulted and trafficked at the Quality Inn & Suites property.

43.     Murphy knew or should have known that Joey would suffer emotional distress as a result of his sexual assaults against Joey.

44.     Murphy's actions and conduct, as alleged herein, caused Joey to suffer emotional distress.

45.     The Quality Inn & Suites knew or should have known that Joey would suffer emotional distress as a result of his sexual assaults against Joey.

46.     The actions and conduct of the Quality Inn & Suites, as alleged herein, caused Joey to suffer emotional distress.

47.     Any reasonable person would have suffered emotional distress under the circumstances.

48.     As a direct result thereof, Plaintiff has been damaged in an amount to be determined at trial.

## COUNT V
### Loss of Consortium
### (Murphy)

49.     Plaintiff restates and reavers each and every allegation contained above, as if fully
stated herein.

50.     M.G.L. c. 231, Section 85X provides that parents of a minor child have a cause of
action for loss of consortium of the child who has been injured against any person who is legally
responsible for causing such injury.

51.     Based on the actions and conduct of Murphy, as alleged herein, Joey suffered a
serious injury which resulted in the loss of affection, comfort, companionship and familial relations
with his parent, Carla A. Domenici.

52.     As a direct result thereof, the Plaintiff has been damaged in an amount to be
determined at trial.

## COUNT VI
### Wrongful Death – M.G.L. c. 229, *et seq.*
### (Murphy)

53.     Plaintiff restates and reavers each and every allegation contained above, as if fully
stated herein.

54.     By his actions and conduct, as alleged herein, Murphy committed acts of sexual
assault and battery against Joey when he was a minor and caused Joey to become addicted to
narcotic drugs.

55.     Knowing that Joey was at a rehabilitation facility as part of a drug treatment and
recovery program, Murphy caused Joey to leave the rehabilitation facility.

56.     Murphy caused Joey to leave a rehabilitation facility, flew Joey from Florida to Massachusetts, provided Joey with drugs,  and put Joey up at the Quality Inn & Suites in Lexington, Massachusetts, all of which resulted in Joey's death.

57.     As a direct result of Murphy's willful, wanton, and reckless acts, or alternatively, as a direct result of Murphy's negligence, the Plaintiff has incurred financial losses including, but not limited to, compensation for the loss with a reasonably expected net income, services, protection, care, assistance, society, companionship, comfort, guidance, counsel, and advice of the decedent to his heirs at law; last and final medical expenses; and funeral and burial expenses, as well as other continuing and indefinite costs incurred thereby.

## COUNT VII
### Conscious Pain and Suffering
### (Murphy)

58.     Plaintiff restates and reavers each and every allegation contained above, as if fully stated herein.

59.     By his actions and conduct, as alleged herein, Murphy committed acts of sexual assault and battery against Joey when Joey was a minor and after Joey was of age under the auspices of providing Joey with narcotic drugs to satisfy Joey's drug addiction.

60.     As a direct result of Murphy's actions alleged herein, Joey endured substantial conscious pain and suffering prior to his death, for which his Estate, by and through Plaintiff, is entitled to be compensated for at an amount to be determined at trial.

## COUNT VII
### Punitive Damages – M.G.L. c. 229 § 2(3)
### (Murphy)

61.     Plaintiff restates and reavers each and every allegation contained above, as if fully stated herein.

62.     By his actions and conduct, as alleged herein, Murphy committed acts of sexual assault and battery against Joey when Joey was a minor.

63.     Murphy provided Joey with drugs, caused Joey to leave a rehabilitation facility, and brought Joey to the Quality Inn & Suites, all of which resulted in Joey's death.

64.     Plaintiff is entitled to an award of punitive damages pursuant to M.G.L. c. 229 § 2(3) because Joey's death was caused by the malicious, willful, wanton or reckless conduct of Murphy and/or by the gross negligence of Murphy.

**COUNT IX**
**Undue Influence**
**(Murphy)**

65.     Plaintiff restates and reavers each and every allegation contained above, as if fully stated herein.

66.     As an inpatient in a drug rehabilitation facility, Joey was susceptible to Murphy's undue influence, especially with the lure of available narcotic drugs.

67.     Murphy had the opportunity to exercise undue influence over Joey and used that opportunity to cause Joey to take action benefitting him that was contrary to Joey's intentions, including, but not limited to, coercing Joey to fly from Florida to Massachusetts at Murphy's expense, causing Joey to stay at Murphy's hotel room at the Quality Inn & Suites, and causing and permitting Joey to consume narcotic drugs that Murphy provided to Joey.

68.     As a result of Murphy's undue influence, Plaintiff has suffered damages in an amount to be determined at trial.

**JURY DEMAND**

Plaintiff demands a jury by trial on all claims so triable.

WHEREFORE, for the foregoing reasons, Plaintiff prays that the Court grant judgment in her favor, as follows:

1. That the Court enter judgment in favor of Plaintiff on all counts, in an amount to be determined at trial;

2. That the Court allow for an award of punitive damages to the extent allowable by law;

3. That the Court grant Plaintiff her attorneys' fees to the extent allowable by law; and

4. That the Court grant Plaintiff such other and further relief as the Court deems just and proper.

Respectfully Submitted,

CARLA A. DOMENICI, Individually and as Personal Representative of the Estate of JOSEPH A. DEPRIMEO-DOMENICI,

By her counsel,

DATED:  July 2, 2021

Jason W. Morgan (BBO #633802)
Jeffrey Katzenstein (BBO #674749)
Drohan Tocchio & Morgan, P.C.
175 Derby Street, Suite 30
Hingham, Massachusetts 02043
Tel:  (781) 749-7200
Fax:  (781) 741-8865
jmorgan@dtm-law.com
jkatzenstein@dtm-law.com

-10-

| CIVIL TRACKING ORDER (STANDING ORDER 1- 88) | DOCKET NUMBER 2181CV01466 | Trial Court of Massachusetts The Superior Court |
|---|---|---|

| CASE NAME: Carla A. Domenici Individually and Personal Rep of the Estate of Joseph A. DePrimeo-Domenici vs. Murphy, Brian W. et al | Michael A. Sullivan, Clerk of Court Middlesex County |
|---|---|
| TO: File Copy | COURT NAME & ADDRESS Middlesex County Superior Court - Woburn 200 Trade Center Woburn, MA 01801 |

## TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

### STAGES OF LITIGATION

### DEADLINE

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 09/30/2021 | |
| Response to the complaint filed (also see MRCP 12) | | 11/01/2021 | |
| All motions under MRCP 12, 19, and 20 | 11/01/2021 | 11/29/2021 | 12/29/2021 |
| All motions under MRCP 15 | 11/01/2021 | 11/29/2021 | 12/29/2021 |
| All discovery requests **and depositions** served and non-expert depositions completed | 04/28/2022 | | |
| All motions under MRCP 56 | 05/30/2022 | 06/27/2022 | |
| Final pre-trial conference held and/or firm trial date set | | | 10/25/2022 |
| Case shall be resolved and judgment shall issue by | | | 07/03/2023 |

**The final pre-trial deadline is not the scheduled date of the conference.** You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to

| DATE ISSUED | ASSISTANT CLERK | PHONE |
|---|---|---|
| 07/02/2021 | Debra J Newman | (781)939-2748 |



## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss

SUPERIOR COURT DEPARTMENT OF
THE TRIAL COURT
CIVIL ACTION NO.: __21-1466__

CARLA A. DOMENICI, Individually and as
Personal Representative of the Estate of
JOSEPH A. DEPRIMEO-DOMENICI,

    Plaintiff,

v.

BRYAN W. MURPHY and CHOICE
HOTELS INTERNATIONAL, INC.,

    Defendants.

```
FILED
IN THE OFFICE OF THE
CLERK OF COURTS
FOR THE COUNTY OF MIDDLESEX

JUL 0 2 2021

_____
CLERK
```

## COMPLAINT

Plaintiff Carla A. Domenici ("Plaintiff"), individually and as the Personal Representative of the Estate of Joseph A. DePrimeo-Domenici ("Joey"), hereby brings this civil action against Bryan W. Murphy ("Murphy") and Choice Hotels International, Inc. (collectively, the "Defendants").

## PARTIES

1.     Joey is deceased.  He is the son of Plaintiff.

2.     Carla A. Domenici is an individual residing in Woburn, Massachusetts.

3.     Bryan W. Murphy is an individual residing in Woburn, Massachusetts.

4.     Choice Hotels International, Inc. is a foreign corporation incorporated in Maryland. At all times relevant hereto, Choice Hotels International, Inc. owned the Quality Inn & Suites, a hotel with a location at 440 Bedford Street, Lexington, Massachusetts (the "Quality Inn & Suites").

5.      Carla A. Domenici has been appointed as the Personal Representative of the Estate of Joseph A. DePrimeo-Domenici.

## FACTUAL ALLEGATIONS

6.      Joey began working for Murphy in or around 2012, when Joey was only fourteen (14) years old.

7.      The work Murphy tasked Joey with included assisting Murphy with functions for the Lions Club, landscaping Murphy's personal residence, organizing and working Murphy's annual Christmas parties, working on Murphy's boat, and joining Murphy on trips to other states, alone and with others who worked for Murphy.

8.      Murphy often paid Joey in cash, but also provided Joey with other forms of compensation, such as motor vehicles, clothing, video games, and other such items.

9.      During the relevant time period, Murphy consistently rented a hotel room at the Quality Inn & Suites.

10.     Starting when Joey was 14, Murphy began to sexually abuse Joey at the Quality Inn & Suites.  In addition, Murphy electronically exchanged sexually explicit photographs and messages with Joey.

11.     In exchange for the sexual acts, Murphy supplied Joey with drugs, including Percocet.

12.     On information and belief, at all relevant times, Murphy had a prescription for Percocet.

13.     Other boys who worked for Murphy have confirmed that Murphy offered Percocet to the boys who worked for him.

14.     On information and belief, Murphy offered Percocet to Joey, and used that to entice Joey to perform sexual acts.

15.     In or about 2014, Joey informed his family and friends that he was addicted to Percocet.

16.     Joey was in and out of treatment for his drug addiction, including at a program in Danvers, Massachusetts.

17.     Joey was admitted to a rehabilitation facility in California in 2018.  Murphy paid for Joey's flight home from rehab in 2018.

18.     In September 2019, Joey admitted himself to a rehabilitation facility in Florida. Unbeknownst to Plaintiff, Murphy arranged to fly Joey home from the rehabilitation facility in Florida in October 2019.

19.     Upon information and belief, Murphy flew Joey home from Florida, provided Joey with drugs, and put Joey up at Murphy's room at the Quality Inn & Suites.

20.     On November 4, 2019, the Massachusetts State Police contacted Plaintiff and informed her that Murphy found Joey dead in the room at the Quality Inn & Suites.

**COUNT I**
**Assault and Battery**
**(Murphy)**

21.     Plaintiff restates and reavers each and every allegation contained above, as if fully stated herein.

22.     By his actions and conduct, as alleged herein, Murphy attempted to and actually did touch Joey in a harmful and offensive manner when Joey was a minor and placed Joey in immediate fear of being touched in such a manner.

23.     By his actions and conduct, as alleged herein, Murphy committed acts of sexual assault and battery against Joey when Joey was a minor.

24.     As a direct result thereof, Plaintiff has been damaged in an amount to be determined at trial.

## COUNT II
### Violation of 18 U.S.C. § 1591
### (The Hotel Defendant)

25.     Plaintiff restates and reavers each and every allegation contained above, as if fully stated herein.

26.     The Quality Inn & Suites knew or should have known that sex trafficking occurs in the scope of its business but chose to ignore the open and obvious presence of sex trafficking on its property in Lexington, Massachusetts, instead enjoying in the profit of consistently rented rooms.

27.     The Quality Inn & Suites failed to protect Joey from repeated sexual abuse by Murphy which occurred at the Quality Inn & Suites property in Lexington, Massachusetts.

28.     By its actions and conduct, as alleged herein, the Quality Inn & Suites was grossly negligent in such a way that amounted to deliberate, reckless and/or callous indifference about the health, welfare and safety of Joey while Joey was sexually assaulted and trafficked at the Quality Inn & Suites property.

29.     The Quality Inn & Suites benefitted from facilitating a venture that it knew or should have known to be engaging in sexual assault and trafficking.

30.     By its actions and conduct, as alleged herein, the Quality Inn & Suites has violated 18 U.S.C. § 1591.

-4-

## COUNT III
### Intentional Infliction of Emotional Distress
### (Murphy)

31.     Plaintiff restates and reavers each and every allegation contained above, as if fully stated herein.

32.     By his actions and conduct, as alleged herein, Murphy committed acts of sexual assault and battery against Joey when Joey was a minor.

33.     Murphy knew or should have known that Joey would suffer emotional distress as a result of Murphy's sexual assaults against Joey.

34.     Murphy's conduct was extreme and outrageous, beyond all possible bounds of decency, and utterly intolerable in a civilized community.

35.     Murphy's actions and conduct, as alleged herein, caused Joey to suffer emotional distress.

36.     The emotional distress that Joey suffered was so severe that no reasonable person could be expected to endure it.

37.     As a direct result thereof, Plaintiff has been damaged in an amount to be determined at trial.

## COUNT IV
### Negligent Infliction of Emotional Distress
### (All Defendants)

38.     Plaintiff restates and reavers each and every allegation contained above, as if fully stated herein.

39.     By his actions and conduct, as alleged herein, Murphy committed acts of sexual assault and battery against Joey.

40.     The Quality Inn & Suites knew or should have known that sex trafficking occurs in the scope of its business but chose to ignore the open and obvious presence of sex trafficking on its property, instead enjoying in the profit of consistently rented rooms.

41.     The Quality Inn & Suites failed to protect Joey from repeated sexual abuse that occurred at its property in Lexington, Massachusetts.

42.     By its actions and conduct, as alleged herein, the Quality Inn & Suites was grossly negligent in such a way that amounted to deliberate, reckless and/or callous indifference about the health, welfare and safety of Joey while Joey was sexually assaulted and trafficked at the Quality Inn & Suites property.

43.     Murphy knew or should have known that Joey would suffer emotional distress as a result of his sexual assaults against Joey.

44.     Murphy's actions and conduct, as alleged herein, caused Joey to suffer emotional distress.

45.     The Quality Inn & Suites knew or should have known that Joey would suffer emotional distress as a result of his sexual assaults against Joey.

46.     The actions and conduct of the Quality Inn & Suites, as alleged herein, caused Joey to suffer emotional distress.

47.     Any reasonable person would have suffered emotional distress under the circumstances.

48.     As a direct result thereof, Plaintiff has been damaged in an amount to be determined at trial.

## COUNT V
### Loss of Consortium
### (Murphy)

49.    Plaintiff restates and reavers each and every allegation contained above, as if fully stated herein.

50.    M.G.L. c. 231, Section 85X provides that parents of a minor child have a cause of action for loss of consortium of the child who has been injured against any person who is legally responsible for causing such injury.

51.    Based on the actions and conduct of Murphy, as alleged herein, Joey suffered a serious injury which resulted in the loss of affection, comfort, companionship and familial relations with his parent, Carla A. Domenici.

52.    As a direct result thereof, the Plaintiff has been damaged in an amount to be determined at trial.

## COUNT VI
### Wrongful Death – M.G.L. c. 229, *et seq.*
### (Murphy)

53.    Plaintiff restates and reavers each and every allegation contained above, as if fully stated herein.

54.    By his actions and conduct, as alleged herein, Murphy committed acts of sexual assault and battery against Joey when he was a minor and caused Joey to become addicted to narcotic drugs.

55.    Knowing that Joey was at a rehabilitation facility as part of a drug treatment and recovery program, Murphy caused Joey to leave the rehabilitation facility.

56.     Murphy caused Joey to leave a rehabilitation facility, flew Joey from Florida to Massachusetts, provided Joey with drugs,  and put Joey up at the Quality Inn & Suites in Lexington, Massachusetts, all of which resulted in Joey's death.

57.     As a direct result of Murphy's willful, wanton, and reckless acts, or alternatively, as a direct result of Murphy's negligence, the Plaintiff has incurred financial losses including, but not limited to, compensation for the loss with a reasonably expected net income, services, protection, care, assistance, society, companionship, comfort, guidance, counsel, and advice of the decedent to his heirs at law; last and final medical expenses; and funeral and burial expenses, as well as other continuing and indefinite costs incurred thereby.

**COUNT VII**
**Conscious Pain and Suffering**
**(Murphy)**

58.     Plaintiff restates and reavers each and every allegation contained above, as if fully stated herein.

59.     By his actions and conduct, as alleged herein, Murphy committed acts of sexual assault and battery against Joey when Joey was a minor and after Joey was of age under the auspices of providing Joey with narcotic drugs to satisfy Joey's drug addiction.

60.     As a direct result of Murphy's actions alleged herein, Joey endured substantial conscious pain and suffering prior to his death, for which his Estate, by and through Plaintiff, is entitled to be compensated for at an amount to be determined at trial.

**COUNT VII**
**Punitive Damages – M.G.L. c. 229 § 2(3)**
**(Murphy)**

61.     Plaintiff restates and reavers each and every allegation contained above, as if fully stated herein.

-8-

62.     By his actions and conduct, as alleged herein, Murphy committed acts of sexual assault and battery against Joey when Joey was a minor.

63.     Murphy provided Joey with drugs, caused Joey to leave a rehabilitation facility, and brought Joey to the Quality Inn & Suites, all of which resulted in Joey's death.

64.     Plaintiff is entitled to an award of punitive damages pursuant to M.G.L. c. 229 § 2(3) because Joey's death was caused by the malicious, willful, wanton or reckless conduct of Murphy and/or by the gross negligence of Murphy.

**COUNT IX**
**Undue Influence**
**(Murphy)**

65.     Plaintiff restates and reavers each and every allegation contained above, as if fully stated herein.

66.     As an inpatient in a drug rehabilitation facility, Joey was susceptible to Murphy's undue influence, especially with the lure of available narcotic drugs.

67.     Murphy had the opportunity to exercise undue influence over Joey and used that opportunity to cause Joey to take action benefitting him that was contrary to Joey's intentions, including, but not limited to, coercing Joey to fly from Florida to Massachusetts at Murphy's expense, causing Joey to stay at Murphy's hotel room at the Quality Inn & Suites, and causing and permitting Joey to consume narcotic drugs that Murphy provided to Joey.

68.     As a result of Murphy's undue influence, Plaintiff has suffered damages in an amount to be determined at trial.

**JURY DEMAND**

Plaintiff demands a jury by trial on all claims so triable.

WHEREFORE, for the foregoing reasons, Plaintiff prays that the Court grant judgment in her favor, as follows:

1. That the Court enter judgment in favor of Plaintiff on all counts, in an amount to be determined at trial;

2. That the Court allow for an award of punitive damages to the extent allowable by law;

3. That the Court grant Plaintiff her attorneys' fees to the extent allowable by law; and

4. That the Court grant Plaintiff such other and further relief as the Court deems just and proper.

Respectfully Submitted,

CARLA A. DOMENICI, Individually and as Personal Representative of the Estate of JOSEPH A. DEPRIMEO-DOMENICI,

By her counsel,

DATED: July 2, 2021

Jason W. Morgan (BBO #633802)
Jeffrey Katzenstein (BBO #674749)
Drohan Tocchio & Morgan, P.C.
175 Derby Street, Suite 30
Hingham, Massachusetts 02043
Tel: (781) 749-7200
Fax: (781) 741-8865
jmorgan@dtm-law.com
jkatzenstein@dtm-law.com

| CIVIL ACTION COVER SHEET | DOCKET NUMBER<br>21-1466 | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|

| PLAINTIFF(S): CARLA A. DOMENICI, Individually and as Personal Representative | COUNTY |
|---|---|
| of the Estate of JOSEPH A. DEPRIMEO-DOMENICI | Middlesex |

| ADDRESS: 13 Richard Circle | DEFENDANT(S): (a) BRYAN W. MURPHY |
|---|---|
| Woburn, MA 01801 | (b) CHOICE HOTELS INTERNATIONAL, INC. |

| ATTORNEY: Jason W. Morgan | |
|---|---|
| ADDRESS: Drohan Tocchio & Morgan, P.C. | ADDRESS: (a) 13 Caulfield Road, Woburn, MA 01801 |
| 175 Derby Street, Suite 30 | (b) 1 Choice Hotels Circle, Suite 400, Rockville, MD 20850 |
| Hingham, MA 02043 | |
| BBO: 633802 | |

## TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B99 | Other Tortious Action | F | ☒ YES  ☐ NO |

**\*If "Other" please describe:** Sexual Assault Against Minor

Is there a claim under G.L. c. 93A?          Is this a class action under Mass. R. Civ. P. 23?
☐ YES   ☒ NO                                              ☐ YES   ☒ NO

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(attach additional sheets as necessary)

A. Documented medical expenses to date:
    1. Total hospital expenses .................................................................................... $ _____
    2. Total doctor expenses ..................................................................................... $ _____
    3. Total chiropractic expenses ............................................................................. $ _____
    4. Total physical therapy expenses ...................................................................... $ _____
    5. Total other expenses (describe below) ...........................................  Subtotal (A): $ _____

B. Documented lost wages and compensation to date ............................................... $ _____
C. Documented property damages to date .............................................................. $ _____
D. Reasonably anticipated future medical and hospital expenses ............................ $ _____
E. Reasonably anticipated lost wages .................................................................... $ _____
F. Other documented items of damages (describe below) ....................................... $ _____

G. Briefly describe plaintiff's injury, including the nature and extent of injury:
Emotional distress and other pain and suffering caused by the sexual assault on a minor.

                                                            TOTAL (A-F):$ 1,000,000

*(stamp:)* OF COURTS MIDDLESEX JUL 0 2 2021 CLERK

### CONTRACT CLAIMS
(attach additional sheets as necessary)

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).
Provide a detailed description of claim(s):

                                                    TOTAL: $ _____

Signature of Attorney/ Unrepresented Plaintiff: X _____          Date: 07/02/2021

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

## CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X _____          Date: 07/02/2021

# CIVIL ACTION COVER SHEET INSTRUCTIONS
## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

### AC Actions Involving the State/Municipality *

| | |
|---|---|
| AA1 Contract Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AB1 Tortious Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AC1 Real Property Action involving Commonwealth, Municipality, MBTA etc. | (A) |
| AD1 Equity Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AE1 Administrative Action involving Commonwealth, Municipality, MBTA,etc. | (A) |

### CN Contract/Business Cases

| | |
|---|---|
| A01 Services, Labor, and Materials | (F) |
| A02 Goods Sold and Delivered | (F) |
| A03 Commercial Paper | (F) |
| A04 Employment Contract | (F) |
| A05 Consumer Revolving Credit - M.R.C.P. 8.1 | (F) |
| A06 Insurance Contract | (F) |
| A08 Sale or Lease of Real Estate | (F) |
| A12 Construction Dispute | (A) |
| A14 Interpleader | (F) |
| BA1 Governance, Conduct, Internal Affairs of Entities | (A) |
| BA3 Liability of Shareholders, Directors, Officers, Partners, etc. | (A) |
| BB1 Shareholder Derivative | (A) |
| BB2 Securities Transactions | (A) |
| BC1 Mergers, Consolidations, Sales of Assets, Issuance of Debt, Equity, etc. | (A) |
| BD1 Intellectual Property | (A) |
| BD2 Proprietary Information or Trade Secrets | (A) |
| BG1 Financial Institutions/Funds | (A) |
| BH1 Violation of Antitrust or Trade Regulation Laws | (A) |
| A99 Other Contract/Business Action - Specify | (F) |

\* Choose this case type if ANY party is the Commonwealth, a municipality, the MBTA, or any other governmental entity UNLESS your case is a case type listed under Administrative Civil Actions (AA).

† Choose this case type if ANY party is an incarcerated party, UNLESS your case is a case type listed under Administrative Civil Actions (AA) or is a Prisoner Habeas Corpus case (E97).

### ER Equitable Remedies

| | |
|---|---|
| D01 Specific Performance of a Contract | (A) |
| D02 Reach and Apply | (F) |
| D03 Injunction | (F) |
| D04 Reform/ Cancel Instrument | (F) |
| D05 Equitable Replevin | (F) |
| D06 Contribution or Indemnification | (F) |
| D07 Imposition of a Trust | (A) |
| D08 Minority Shareholder's Suit | (A) |
| D09 Interference in Contractual Relationship | (F) |
| D10 Accounting | (A) |
| D11 Enforcement of Restrictive Covenant | (F) |
| D12 Dissolution of a Partnership | (F) |
| D13 Declaratory Judgment, G.L. c. 231A | (A) |
| D14 Dissolution of a Corporation | (F) |
| D99 Other Equity Action | (F) |

### PA Civil Actions Involving Incarcerated Party †

| | |
|---|---|
| PA1 Contract Action involving an Incarcerated Party | (A) |
| PB1 Tortious Action involving an Incarcerated Party | (A) |
| PC1 Real Property Action involving an Incarcerated Party | (F) |
| PD1 Equity Action involving an Incarcerated Party | (F) |
| PE1 Administrative Action involving an Incarcerated Party | (F) |

### TR Torts

| | |
|---|---|
| B03 Motor Vehicle Negligence - Personal Injury/Property Damage | (F) |
| B04 Other Negligence - Personal Injury/Property Damage | (F) |
| B05 Products Liability | (A) |
| B06 Malpractice - Medical | (A) |
| B07 Malpractice - Other | (A) |
| B08 Wrongful Death - Non-medical | (A) |
| B15 Defamation | (A) |
| B19 Asbestos | (A) |
| B20 Personal Injury - Slip & Fall | (F) |
| B21 Environmental | (F) |
| B22 Employment Discrimination | (F) |
| BE1 Fraud, Business Torts, etc. | (A) |
| B99 Other Tortious Action | (F) |

### RP Summary Process (Real Property)

| | |
|---|---|
| S01 Summary Process - Residential | (X) |
| S02 Summary Process - Commercial/ Non-residential | (F) |

### RP Real Property

| | |
|---|---|
| C01 Land Taking | (F) |
| C02 Zoning Appeal, G.L. c. 40A | (F) |
| C03 Dispute Concerning Title | (F) |
| C04 Foreclosure of a Mortgage | (X) |
| C05 Condominium Lien & Charges | (X) |
| C99 Other Real Property Action | (F) |

### MC Miscellaneous Civil Actions

| | |
|---|---|
| E18 Foreign Discovery Proceeding | (X) |
| E97 Prisoner Habeas Corpus | (X) |
| E22 Lottery Assignment, G.L. c. 10, § 28 | (X) |

### AB Abuse/Harassment Prevention

| | |
|---|---|
| E15 Abuse Prevention Petition, G.L. c. 209A | (X) |
| E21 Protection from Harassment, G.L. c. 258E | (X) |

### AA Administrative Civil Actions

| | |
|---|---|
| E02 Appeal from Administrative Agency, G.L. c. 30A | (X) |
| E03 Certiorari Action, G.L. c. 249, § 4 | (X) |
| E05 Confirmation of Arbitration Awards | (X) |
| E06 Mass Antitrust Act, G.L. c. 93, § 9 | (A) |
| E07 Mass Antitrust Act, G.L. c. 93, § 8 | (X) |
| E08 Appointment of a Receiver | (X) |
| E09 Construction Surety Bond, G.L. c. 149, §§ 29, 29A | (A) |
| E10 Summary Process Appeal | (X) |
| E11 Worker's Compensation | (X) |
| E16 Auto Surcharge Appeal | (X) |
| E17 Civil Rights Act, G.L. c.12, § 11H | (A) |
| E24 Appeal from District Court Commitment, G.L. c.123, § 9(b) | (X) |
| E25 Pleural Registry (Asbestos cases) | |
| E94 Forfeiture, G.L. c. 265, § 56 | (X) |
| E95 Forfeiture, G.L. c. 94C, § 47 | (F) |
| E99 Other Administrative Action | (X) |
| Z01 Medical Malpractice - Tribunal only, G.L. c. 231, § 60B | (F) |
| Z02 Appeal Bond Denial | (X) |

### SO Sex Offender Review

| | |
|---|---|
| E12 SDP Commitment, G.L. c. 123A, § 12 | (X) |
| E14 SDP Petition, G.L. c. 123A, § 9(b) | (X) |

### RC Restricted Civil Actions

| | |
|---|---|
| E19 Sex Offender Registry, G.L. c. 6, § 178M | (X) |
| E27 Minor Seeking Consent, G.L. c.112, § 12S | (X) |

### TRANSFER YOUR SELECTION TO THE FACE SHEET

**EXAMPLE:**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | F | ☒ YES   ☐ NO |

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF** - The plaintiff shall set forth, on the face of the civil action cover sheet (or attach additional sheets as necessary), a statement specifying the facts on which the plaintiff relies to determine money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served with the complaint. **A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or self-represented litigant.**

**DUTY OF THE DEFENDANT** - If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with his/her answer a statement specifying the potential damages which may result if the plaintiff prevails.

## A CIVIL COVER SHEET MUST BE FILED WITH EACH COMPLAINT.
## FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY
## MAY RESULT IN DISMISSAL OF THIS ACTION.

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss

SUPERIOR COURT DEPARTMENT OF
THE TRIAL COURT
CIVIL ACTION NO.: _21-1466 B_

CARLA A. DOMENICI, Individually and as
Personal Representative of the Estate of
JOSEPH A. DEPRIMEO-DOMENICI,

        Plaintiff,

v.

BRYAN W. MURPHY and CHOICE
HOTELS INTERNATIONAL, INC.,

        Defendants.



FILED
IN THE OFFICE OF THE
CLERK OF COURTS
FOR THE COUNTY OF MIDDLESEX

JUL 0 2 2021

CLERK

## MOTION FOR APPOINTMENT OF A SPECIAL PROCESS SERVER

Pursuant to Mass. R. Civ. P. 4(c), the Plaintiff, Carla A. Domenici, Individually and as Personal Representative of the Estate of Joseph A. DePrimeo-Domenici, hereby moves for an Order appointing a special process server in the above-entitled action, Middlesex Constable Service, through its agents who are qualified persons over the age of eighteen (18), knowledgeable in the service of process, and who are not parties to this action.

_7/2/21_  Motion Allowed

Attest: _____
           Deputy Assistant Clerk

( _Wilkins_ J.)

Respectfully Submitted,

CARLA A. DOMENICI, Individually and as Personal
Representative of the Estate of JOSEPH A.
DEPRIMEO-DOMENICI,

By her counsel,

DATED:  July 2, 2021

Jason W. Morgan (BBO #653802)
Jeffrey Katzenstein (BBO #674749)
Drohan Tocchio & Morgan, P.C.
175 Derby Street, Suite 30
Hingham, Massachusetts 02043
Tel:  (781) 749-7200
Fax:  (781) 741-8865
jmorgan@dtm-law.com
jkatzenstein@dtm-law.com

5



## Commonwealth of Massachusetts

MIDDLESEX,SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 2181 CV 01466

_Carla A. Domenici_, PLAINTIFF(S),

V.

_Bryan W. Murphy, et al_ DEFENDANT(S)



### SUMMONS

THIS SUMMONS IS DIRECTED TO _Choice Hotels International, Inc._ (Defendant's name)

**You are being sued.**   The Plaintiff(s) named above has started a lawsuit against you.  A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the _Middlesex Superior_   Court.  **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1.   **You must respond to this lawsuit in writing within 20 days**.  If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint.  You will also lose the opportunity to tell your side of the story.  You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff.  **If you need more time to respond, you may request an extension of time in writing from the Court.**

2.   **How to Respond.**  To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented).  You can do this by:

   a.   Filing your **signed original** response with the Clerk's Office for Civil Business, _Middlesex_  Court, _200 Trade Center, Woburn_   (address), by mail or in person, **AND**   Superior

   b.   Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address: _Drohan Tocchio & Morgan, P.C., 175 Derby Street, Ste. 30, Hingham, MA 02043_

3.   **What to include in your response.**  An **"Answer"** is one type of response to a Complaint.  Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint.  Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court.  If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer.  Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit.  If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer.  You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient.  A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.**  If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov/courts/case-legal-res/rules of court.

FILED
IN THE OFFICE OF THE
CLERK OF COURTS
FOR THE COUNTY OF MIDDLESEX

JUL 2 6 2021

CLERK

# AFFIDAVIT OF FOREIGN SERVICE

STATE OF MASSACHUSETTS
COUNTY OF MIDDLESEX

Case No.    218CV01466

DOMENICI, CARLOS A                    Plaintiff,

VS.

CHOICE HOTELS INTERNATIONAL, INC    Defendant

```
FILED
IN THE OFFICE OF THE
CLERK OF COURTS
FOR THE COUNTY OF MIDDLESEX

JUL 2 6 2021

CLERK
```

STATE OF MARYLAND,          }
COUNTY OF MONTGOMERY   }      § :

DSIII SANMI D IBARRA , Deputy Sheriff, being duly sworn, deposes and says:

That I am over 21 years of age, not a party to this action, and reside in the State of Maryland.

That on the 12th day of JULY, 2021,  at 1405 at 1 CHOICE HOTELS CIR STE 400 ROCKVILLE, MD 20850, I served the SUMMONS, CIVIL ACTION COVER SHEET, CIVIL TRACKING ORDER, AND COMPLAINT annexed hereto upon A/S ETOILA LEAHY (RACE: B SEX: F HGT: 504 WGT: 145 AGE: 50's) MANAGER RISK MANAGEMENT, the Defendant, therein by delivering to and leaving personally with the said Defendant a true copy of each thereof.

Deponent further states that at the time of service I knew the person so served as aforesaid to be the same person mentioned and described in the said SUMMONS, CIVIL ACTION COVER SHEET, CIVIL TRACKING ORDER, AND COMPLAINT as the Defendant in this action.

6279

DSIII SANMI D IBARRA # 6279
Deputy Sheriff, Montgomery County, Maryland

Sworn to before me this 14th day of July, 20 21.

Notary Public, State of Maryland
My commission expires: 2/16/25

```
ADRIANNA E. CRUTCHFIELD
Notary Public
State of Maryland
Montgomery County
My commission exp. February 16, 2025
```

SDI:va

AFFIDAVIT OF FOREIGN SERVICE MA CHOICE HOTELS INTERNATIONAL INC/1-7/13/2021

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss
                                        SUPERIOR COURT DEPARTMENT OF
                                        THE TRIAL COURT
                                        CIVIL ACTION NO.:  2181CV01466

---

CARLA A. DOMENICI, Individually and as
Personal Representative of the Estate of
JOSEPH A. DEPRIMEO-DOMENICI,

        Plaintiff,

        v.

BRYAN W. MURPHY and CHOICE
HOTELS INTERNATIONAL, INC.,

        Defendants.

---

## **REQUEST FOR DEFAULT JUDGMENT AGAINST BRYAN W. MURPHY**

NOW COMES the Plaintiff, Carla A. Domenici, Individually and as Personal Representative of the Estate of Joseph A. DePrimeo-Domenici ("Plaintiff"), and hereby requests that this Court, pursuant to Mass. R. Civ. P. 55, enter default against Defendant Bryan W. Murphy ("Defendant" or "Murphy") for his failure to file a responsive pleading to the Complaint, and, upon entry of default, enter judgment in favor of the Plaintiff as set forth more fully below.

This action was initiated on July 2, 2021, and the Defendant was served with the Summons and Complaint on the same date. See Return of Service to Defendant Murphy, attached hereto as **Exhibit A**. Accordingly, the deadline for Defendant's responsive pleading was on July 22, 2021. On or about July 20, 2021, Attorney Terrence W. Kennedy reached out to Plaintiff's counsel on behalf of the Defendant and requested an extension of time to respond to the Complaint. Plaintiff's counsel agreed to a two (2) week extension, which set the new response deadline to August 5, 2021. See **Exhibit B**. To date, the Defendant has not served a responsive pleading, and Attorney

Kennedy has yet to file an appearance in the case.  As stated more fully in the Military Affidavit submitted herewith, the Defendant is not in the military service of the United States or of any its allies, as defined in the Servicemembers Civil Relief Act.

WHEREFORE, the Plaintiff respectfully moves this Court to enter default against the Defendant, and enter a judgment:

1.  In favor of the Plaintiff on all Counts of her Complaint against Murphy;

2.  Scheduling a hearing for an assessment of damages; and

3.  Granting the Plaintiff such other and further relief as the Court deems just and proper.

Respectfully Submitted,

CARLA A. DOMENICI, Individually and as Personal Representative of the Estate of JOSEPH A. DEPRIMEO-DOMENICI,

By her counsel,

DATED:  August 6, 2021

Jason W. Morgan (BBO #633802)
Jeffrey H. Katzenstein (BBO #674749)
Drohan Tocchio & Morgan, P.C.
175 Derby Street, Suite 30
Hingham, Massachusetts 02043
Tel:  (781) 749-7200
Fax:  (781) 740-4335
jmorgan@dtm-law.com
jkatzenstein@dtm-law.com

## CERTIFICATE OF SERVICE

I, Jason W. Morgan, hereby certify that on this 6th day of August, 2021, I served a copy of the foregoing document upon all Parties of record, *via* First-Class Mail, and upon Terrence W. Kennedy, Esq., Law Offices of Terrence W. Kennedy, 512 Broadway, Everett, Massachusetts 02149, twklawoffices@gmail.com and twkennedylaw@gmail.com, and Matthew J. Lynch, Esq., Coughlin Betke LLP, 175 Federal Street, Boston, MA 02110, mlynch@coughlinbetke.com, *via* email and First-Class Mail.

Jason W. Morgan

# EXHIBIT A

 **MIDDLESEX CONSTABLE SERVICE** • Post Office Box 311 • Carlisle, MA 01741 • (781) 500-9023

**PROOF OF SERVICE OF PROCESS**

**SUFFOLK, SS.**                                                                                   **CIVIL NO. 2181CV01466**

I hereby certify and return that on <u>Friday, July 2, 2021@3:17PM,</u> I served a copy of the within **Summons**, together with a copy of the **Summons, Motion for Appointment of Special Process Server (allowed); Complaint and Civil Tracking Order**in this action, upon the within-named defendant **Bryan W. Murphy** in the following manner:     (See Mass. R. Civ, P. 4(d)(1-5)): by serving a copy at the last & usual place of abode by leaving it in a sealed envelope with **Mary Murphy** (wife of Bryan W. Murphy & Adult living in the Household) at **13 Caulfield Road, Woburn, MA 01801** and then mailing a copy of this Summons this same day to **Bryan W. Murphy at 13 Caulfield Road, Woburn, MA 01801.**

Dated:   <u>July 2, 2021</u>                                                     Signature: _____

APPOINTED CONSTABLE: ACTON | BEDFORD | CARLISLE | CONCORD | LINCOLN | MAYNARD                              CONSTABLE JOSEPH TOPOL
                                                                                                          Constable • Disinterested Person • Special Process Server

# EXHIBIT B

**From:** Jeffrey H. Katzenstein
**Sent:** Wednesday, July 21, 2021 4:20 PM
**To:** Law Office <twklawoffices@gmail.com>; twkennedylaw@gmail.com
**Cc:** Jason Morgan <Jason@dtm-law.com>
**Subject:** RE: Domenici v. Murphy

Hi Nehemie,

My apologies; I've been tied up for the better part of the day. Our client has agreed to provide a two-week extension on answering the complaint.

Best,
Jeff

*Jeffrey H. Katzenstein, Esq.*
**DROHAN TOCCHIO & MORGAN, P.C.**
175 Derby Street, Suite 30
Hingham, MA 02043
Ph:  781.749.7200 x 130
Fax:  781.741.8865

jkatzenstein@dtm-law.com

DISCLAIMER:  This email transmittal (including attachments) is intended only for the recipient(s) listed above.  It may contain confidential or privileged information.  If you have received this transmittal in error, please contact our I.T. Department (Administrator@dtm-law.com) and delete it from your system.  Any unauthorized distribution or copying of this transmittal may result in civil and/or criminal fines and penalties.

**From:** Law Office <twklawoffices@gmail.com>
**Sent:** Wednesday, July 21, 2021 3:21 PM
**To:** Jason Morgan <Jason@dtm-law.com>; Jeffrey H. Katzenstein <JKatzenstein@dtm-law.com>
**Subject:** Domenici v. Murphy

Good Afternoon Attorneys Morgan and Katzenstein,
Hope this message finds you well. I am reaching out about the 30 day extension to answer the complaint in the above referenced matter Attorney Kennedy spoke to you about yesterday. Has the extension been approved? We are forwarding the complaint to the homeowners provider for them to handle.

Thank you!

Nehemie Cange
twklawoffices@gmail.com
Law Offices of Terrence W. Kennedy
512 Broadway
Everett, MA 02149
(t) 617-387-9809
(f) 617-387-8178

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss

SUPERIOR COURT DEPARTMENT OF
THE TRIAL COURT
CIVIL ACTION NO.:  2181CV01466

CARLA A. DOMENICI, Individually and as
Personal Representative of the Estate of
JOSEPH A. DEPRIMEO-DOMENICI,

Plaintiff,

v.

BRYAN W. MURPHY and CHOICE
HOTELS INTERNATIONAL, INC.,

Defendants.

## MILITARY AFFIDAVIT
### (Rule 55(b)(4))

I, Jason W. Morgan, Plaintiff's counsel, pursuant to Mass. R. Civ. P. 55(b)(4), on oath

hereby depose and state that upon information and belief, the Defendant Bryan W. Murphy, of

whom default is requested, is not in the military service of the United States or any of its allies, as

defined in the Servicemembers Civil Relief Act, and currently resides at 13 Caulfield Road,

Woburn, Massachusetts 01801.

Signed under the pains and penalties of perjury this 6th day of August, 2021.

Jason W. Morgan